IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No: 06-CV-01562-REB-PAC

JANETTE STERN,

        Plaintiff,

v.

EL PASO CORPORATION,
EL PASO CORPORATION EMPLOYEE BENEFIT PLAN,
BENEFITS COMMITTEE OF THE EL PASO CORPORATION EMPLOYEE
BENEFITS PLAN, and
RELIASTAR LIFE INSURANCE COMPANY (ING),

        Defendants

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the parties hereby stipulate to the entry of the following protective order in order to preserve and maintain the confidentiality of certain information which may be disclosed through testimony and/or the production of certain records by and between the parties during the course of discovery.

1.     The parties agree that good cause exists for this Agreed Protective Order to preserve and maintain the confidentiality of information which may be disclosed or obtained by the parties through the production of certain confidential or proprietary documents and to preserve the privacy rights of non-parties to this action. The Court specifically finds that good cause exists for this Agreed Protective Order.

DN: 310335

2.  This Agreed Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. The term "Confidential Information" includes all information described in paragraphs 6 and 8 of this Agreed Protective Order. Confidential Information shall be used solely for the prosecution or defense of this litigation.

3.  The measures designated by the parties in this Agreed Protective Order are reasonable and will not prejudice anyone or unduly burden the court.

4.  This Agreed Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

5.  By entering into this Agreed Protective Order the parties do not intend to waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate any party to produce any specific document or records in the future which a party deems inappropriate for production, nor does it replace, waive or relieve any obligation or duty already existing to protect the secrecy of the Confidential Information. Execution of this Agreed Protective Order by the parties does not constitute an agreement, either express or implied, that any of the Confidential Information is in fact proprietary to any party or that it constitutes a "trade secret" within the meaning of any federal or state law.

6.  This Agreed Protective Order is intended to preserve and maintain personal, private, confidential, trade secret, confidential research, training and development, technology and proprietary business information not known to the general public, the disclosure of which

could cause serious injury or damage to the parties, hereinafter referred to as "confidential information." This Agreed Protective Order is also intended to preserve and protect any confidential and proprietary business information that may be discovered or produced through the inspection of any party's electronic data regardless of where stored, including through the inspection of any personal or business computer and information protected from disclosure by statute. This Agreed Protective Order may also pertain to additional records of a proprietary nature which will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Agreed Protective Order.

7. Any confidential information produced subject to the terms of this Agreed Protective Order shall be considered "CONFIDENTIAL" and shall be given confidential treatment as described below. All confidential information produced subject to this Agreed Protective Order shall be designated or stamped "CONFIDENTIAL."

8. Documents designated as "CONFIDENTIAL" for purposes of this Agreed Protective Order shall include any legitimate confidential, financial and proprietary business information, and such other information or documents not known to the general public, the disclosure of which would cause serious injury or damage to the parties. Additional documents may be later identified which shall be given similar protections pursuant to this Agreed Protective Order as specifically designated by and agreed to by the parties during the course of this litigation.

9. Confidential documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation. Except as provided for in this Agreed Protective

Order, the parties shall keep all documents or information covered by the terms of this Agreed Protective Order from all persons as provided for by the terms of this agreement.

10. Neither the receiving party nor its representatives shall disclose documents designated as CONFIDENTIAL, other than to the following persons:

    a. Defendants or designated counsel of record in this action;

    b. Employees of Defendants' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this action;

    c. Plaintiff or any of Plaintiff's designated counsel of record in this action;

    d. Employees of Plaintiff's counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this action;

    e. All attorneys for the parties in this action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel.

    f. Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action provided that such witnesses expressly agree in writing to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL documents or information, but shall not be provided with copies of the CONFIDENTIAL documents or information; and

g. The Court (including any agent of the Court) and any court reporter used during depositions.

11. This Agreed Protective Order permits the parties to view documents or information designated as CONFIDENTIAL exclusively for purposes of this litigation; however, the parties are precluded from sharing and/or disclosing that information to anyone other than those listed in paragraph 10 of this Agreed Order. Accordingly, the parties expressly agree to maintain the confidentiality associated with those documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than those listed in paragraph 10 of this Agreed Order at any time either during the pendency of this action or subsequent to the conclusion of the litigation. To the extent CONFIDENTIAL documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the CONFIDENTIAL documents will seek to file the documents with the Court under seal in the manner specified by D.C.COLO.LCivR 7.2 – 7.3.Nothing contained in this Agreed Protective Order precludes or limits a party from viewing its own Confidential documents.

12. The use of CONFIDENTIAL documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

13. Confidential documents or information subject to this Agreed Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under paragraph 10.

14.  The agreement of the parties to this Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

15.  A party shall designate other Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

16.  If any party objects to the designation of any information as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to the challenged discovery materials. If the objecting party makes such a motion, the challenged discovery materials shall be filed under seal, and the Confidential Information shall continue to be deemed "Confidential" under the terms of this Order, until the Court rules on such motion. In any proceeding to release Confidential Information from its designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing the appropriateness of the classification. A dispute concerning confidentiality shall not otherwise impede the progress of discovery. The

parties shall follow the procedures for non-dispositive motions with respect to any motion brought pursuant to this paragraph.

17.   Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

18.   The provisions of the Agreed Protective Order shall survive the conclusion of this action.

19.   This Agreed Protective Order shall not prohibit disclosure of Confidential documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time subject to the requirements of paragraph 10.

20.   Upon written request by counsel for the disclosing party or person, the party having received any documents or information subject to this Agreed Protective Order shall return these items at the close of litigation.

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

MARTIN & MARTIN, P.C.

Dated this 26th day of January, 2007.

By  s/Brent M. Martin
Brent M. Martin
303 E. 17th Avenue, Suite 1070
Denver, Colorado  80203
Phone:  (303) 861-9180
Fax:  (303) 860-0069
Email:  bmartin@martinmartinlaw.com
    and
David Knoll, Esq.
LAW OFFICES OF DAVID KNOLL
3333 E. Broadway Avenue, Suite 1215
Bismarck, North Dakota  58501
Phone:  (701) 223-1211
Fax:  (701) 223-1630
Email:  knollaw@bis.midco.net
***ATTORNEYS FOR PLAINTIFF JANETTE STERN***

LITTLER MENDELSON, P.C.

Dated this 26th day of January, 2007.

By  s/Darren E. Nadel
Darren E. Nadel
Jill M. Brady
1200 17th Street, Suite 1000
Denver, Colorado  80202
Phone:  (303) 629-6200
Fax:  (303) 629-0200
Email:  dnadel@littler.com
Email:  jbradey@littler.com
***ATTORNEYS FOR DEFENDANTS EL PASO CORPORATION, EL PASO CORPORATION EMPLOYEE BENEFITS PLAN, BENEFITS COMMITTEE OF THE EL PASO CORPORATION EMPLOYEE BENFITS PLAN***

|  |  |
|---|---|
|  | HALLELAND LEWIS NILAN & JOHNSON PA |
| Dated this 26th day of January, 2007. | By  s/Bradley J Betlach<br>Bradley J. Betlach, Esq.<br>600 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, Minnesota 55402-4501<br>Phone:  (612) 338-1838<br>Fax:  (612) 338-7858<br>Email:  bbetlach@halleland.com<br>      and<br>Gillian Dale, Esq.<br>HALL & EVANS, LLC<br>1125 17th Street, Suite 600<br>Denver, Colorado  80202—2052<br>Phone:  (303) 628-3300<br>Fax:  303-628-3368<br>Email:  daleg@hallevans.com<br>***ATTORNEYS FOR DEFENDANT RELIASTAR LIFE INSURANCE COMPANY*** |

## PROTECTIVE ORDER

Based upon the foregoing Stipulation of counsel, and the Court being duly advised in the premises, the Protective Order is:

**SO ORDERED** this 5th day of Feb, 2007.

_____
Magistrate Judge ~~Patricia A. Coan~~ O. EDWARD SCHLATTER
United States District Court-District of Colorado

Firmwide:81939301.1 021648.1074

DN: 310335                                        9