IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01562-REB-PAC

JANETTE STERN,

    Plaintiff,

v.

EL PASO CORPORATION,
EL PASO CORPORATION EMPLOYEE BENEFITS PLAN,
BENEFITS COMMITTEE OF THE EL PASO CORPORATION EMPLOYEE
BENEFITS PLAN, and
RELIASTAR LIFE INSURANCE COMPANY (ING),

    Defendants.

## ORDER

O. Edward Schlatter, United States Magistrate Judge

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*  The matters before the court are Defendants' Motion to Strike Plaintiffs' Expert Witness Disclosures [Doc. #25; filed March 14, 2007] and Defendants' Unopposed Motion of Time to Designate Rebuttal Experts [Doc. #27; filed March 14, 2007].

Plaintiff filed suit under ERISA after defendant ReliaStar denied her administrative claim for accidental death and dismemberment ('AD&D") benefits on the basis that her husband's death was not due to an "accident" and was otherwise excluded under relevant provisions of El Paso Energy Corporation's Employees' Benefit Plan ("the Plan").  The sole

remaining claim is plaintiff's claim for benefits under 29 U.S.C. §1132(a)(1)(B).[1] *See* Order Dismissing Plaintiff's Second and Third Claims for Relief (Doc. #6).

On February 16, 2007, plaintiff served defendants with her expert witness disclosures, designating two physicians who will purportedly testify that, based upon their review of the administrative record, plaintiff's husband's death was an accident within the meaning of the relevant provisions of the Plan. *See* Plaintiff's Expert Witness Disclosures, attached to Defendant's Motion to Strike as Ex. A.

Defendants move to strike plaintiff's expert witness disclosures on the ground that the Plan grants the claims administrator discretionary authority to determine an employee's eligibility for AD&D benefits; thus, defendants argue, the court's review of plaintiff's claim is limited to the administrative record before the claims administrator.

"[A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "Where the Plan grants such discretionary authority to the administrator, the court reviews the administrator's denial according to an `arbitrary and capricious' standard." *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 630 (10th Cir. 2003)(citing *Chambers v. Family Health Corp.*, 100 F.3d 818, 825 (10th Cir. 1996)).

---

[1] Section 1132(a)(1)(B) allows a plaintiff to sue in federal court to "recover benefits due ... under the [healthcare] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan."

El Paso Energy Corporation's Employee's Benefit plan ("the Plan") contains the following relevant provisions:

In Section 8.1, the Plan Administrator and Named Fiduciary of the Plan, El Paso Energy Corporation, delegated to a Benefits Committee specific enumerated powers and duties in respect of the Plan: "Except to the extent reserved to the Claim Administrator or the Claims Fiduciary, all matters concerning the interpretation or application of the Plan shall be vested in the sole discretion of the Benefits Committee." Section 8.2 enumerates the broad discretionary powers and duties of the Benefits Committee, including, but not limited to, the power to interpret the Plan and to resolve ambiguities in the Plan. The Benefits Committee may delegate any of its responsibilities under the Plan and any action so delegated "shall have the same force and effect for all purposes hereunder as if taken by the Benefits Committee." Section 8.7.

Section 9.3 states that the Claims Administrator shall have the duty to "receive and review claims for benefits under the plan, to determine what amount, if any, is due and payable to claimants under the terms and conditions of the Plan and to make appropriate disbursements of benefits payments to Claimants entitled thereto."

ReliaStar Life Insurance Company (ING) ("ReliaStar") is the Claims Administrator for claims for AD&D benefits. (Plan, Appendix I; Flex Select Summary Plan Description, at p. 117, 153, attached to Motion to Strike as Ex. C)

Plaintiff argues that the *de novo* standard of review applies to her claim under 29 U.S.C. §1132(a)(1)(B) because the Plan does not expressly confer upon the Claims

Administrator (ReliaStar) any of the discretionary authorities conferred upon the Benefits Committee in Sections 8.1 and 8.2, nor does the Plan expressly authorize the Claims Administrator to utilize its own discretion in interpreting and applying the Plan, or to resolve ambiguities in the Plan.

Plaintiff further emphasizes that the Summary Plan Description ("SPD") also refutes the defendants' contention that ReliaStar had discretionary authority to review AD&D claims. The SPD explains that the Benefits Committee has the sole and exclusive authority to interpret Plan documents, except where it has delegated that authority to one or more Claims Administrators. (Motion to Strike, Ex. C, at 149) The SPD contains the following paragraph immediately following the heading *Life Insurance Claims Procedure:* "Life Insurance benefits under the Plan will be paid only if ReliaStar(ING) (the Plan Adminstrator's delegate) decided, in its discretion, that you or your covered dependents are entitled to them." (Emphasis added). In contrast, the paragraph following *AD&D Insurance Benefit Claims Procedures* and sub-heading *General Information*, in the SPD, states: "AD&D benefits will be paid only if ReliaStar(ING) (the Plan Administrator's delegate) decides that you are entitled to them." Plaintiff argues that construing the statements in the SPD as a whole, discretionary authority was not delegated to ReliaStar for decisions concerning determination of AD&D claims.

I find that Plaintiff's interpretation of the Plan documents is not supported by Tenth Circuit law.

Under ERISA "[e]very employee benefit plan shall be established and maintained

4

pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). The written instrument establishing the employee benefit plan may expressly provide procedures for named fiduciaries to designate others to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan. 29 U.S.C. §1105(c)(1).

A health plan administrator designated with discretionary authority under the terms of an employee welfare benefit plan may delegate portions of its discretionary authority to non-fiduciary third parties, especially when such delegation is explicitly authorized by the plan document. *See Geddes v. United Staffing Alliance Employee Medical Plan*, 469 F.3d 919, 926-927 (10th Cir. 2006).[2]  The decisions of both the plan administrator and its delegates/agents are entitled to judicial deference. *Id.* at 927; *see, also, Gilbertson*, 328 F.3d at 630 ("Allied Signal's plan expressly vests discretionary authority to determine benefits eligibility in the Plan Administrator [ ], who has delegated its discretion to LINA [Life Insurance Company of North America]. . . Therefore, because the Plan, albeit indirectly, grants discretionary authority to LINA, LINA's decisions on benefits claims should generally be reviewed under the arbitrary and capricious standard.")

Here, the Plan Administrator, El Paso Energy Corporation, expressly delegated its

---

[2]The Tenth Circuit described a health plan administrator as "the ERISA counterpart to trust law's fiduciary-trustee." *Geddes*, 469 F.3d at 926.   A plan administrator's remains liable for decisions rendered by its agents.  *Id.*

discretionary authority to interpret the Plan to the Benefits Committee, under Section 8.1.[3] The Benefits Committee, in turn, delegated its responsibilities under the Plan to review and decide claims for AD&D benefits to the Claims Administrator, ReliaStar, pursuant to Section 8.7. The Benefits Committee and ReliaStar are both agents of the Plan Administrator. Accordingly, under *Geddes* and *Gilbertson*, I find that the deferential arbitrary and capricious standard of review applies to plaintiff's claim under 29 U.S.C. §1132(a)(1)(B).

Under the arbitrary and capricious standard, the decision of a plan administrator, or its delegate, will be upheld so long as it is predicated on a reasoned basis. *Adamson v. Unum Life Insurance Co. of America*, 455 F.3d 1209, 1212 (10th Cir.2006). The district court's review of plaintiff's claim is limited to the administrative record – the arguments and evidence before the administrator at the time it made the decision. *Sandoval v. Aetna Life & Casualty Insurance Co.*, 967 F.2d 377, 380 (10th Cir.1992). "`Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [ERISA's] goal' of `provid[ing] a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.'" *Hall v. UNUM Life Ins. Co. of America*, 300 F.3d 1197, 1202 (10th Cir. 2002) (quoting *Perry v. Simplicity Engineering,* 900 F.2d 963, 967 (6th Cir.1990)).

Because the arbitrary and capricious standard of review applies, discovery is not

---

[3]Plaintiff concedes that "there is a clear delegation of power and responsibilities from the El Paso Energy Corporation as the Plan Administrator to the Benefits Committee in the Plan. *See* Plaintiff's Response to Defendant's Motion to Strike, ¶32.

permitted on issues related to the merits of plaintiff's claim for benefits.[4]  Plaintiff's expert witnesses, Lawrence H. Repsher, M.D. and Michael J. Doberson, M.D., Ph.D., will not be allowed to testify in this case in support of plaintiff's claim under 29 U.S.C. §1132(a)(1)(B).  To the extent Drs. Repsher and Doberson rendered opinions which are part of the administrative record, the court will consider those opinions in reviewing the administrator's decision under the arbitrary and capricious standard.  Accordingly, it is

HEREBY **ORDERED** that Defendants' Motion to Strike Plaintiffs' Expert Witness Disclosures [Doc. #25; filed March 14, 2007] is **GRANTED**.  It is

FURTHER **ORDERED** that Defendants' Unopposed Motion of Time to Designate Rebuttal Experts [Doc. #27; filed March 14, 2007] is **DENIED AS MOOT**.  It is

FURTHER **ORDERED** that the May 14, 2007 motions hearing is **VACATED**.

Dated May 8, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge

---

[4] I note that courts have allowed some discovery in ERISA actions when the plaintiff challenges the procedures used to reach a benefits decision or asserts bias on the part of the plan administrator. *See Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 293 n. 2 (6th Cir.2005); *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir.2005); *Caldwell v. Life Ins. Co. of North America*, 165 F.R.D. 633, 637 (D.Kan. 1996).  Ms. Stern has not raised such challenges here.